UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACK D. SANDRIDGE; BOONYUEN SANDRIDGE,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>UNIVERSAL MORTGAGE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS); RECONTRUST COMPANY, N.A.; BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING LP FKA COUNTRYWIDE HOME LOANS SERVICING LP,<br><br>　　　　　　Defendants. | Case No.: 2:13-cv-00640-GMN-GWF<br><br>**ORDER** |

Before the Court is the Motion to Dismiss (ECF No. 16) filed by Defendants. Also pending before the Court is the Motion to Expunge Lis Pendens (ECF No. 17) filed by Defendants. Plaintiffs have failed to file a Response to either of the pending motions. For the reasons that follow, the Court GRANTS Defendants' Motion and will dismiss Plaintiffs' Complaint.

**I.     BACKGROUND**

Plaintiffs Jack D. Sandridge and Boonyuen Sandridge originally filed this lawsuit on March 27, 2013 in Nevada state court. (Pet. for Removal Ex. A ("Compl."), ECF No. 1-1.) Defendants removed the case to this Court on April 16, 2013. (Pet. for Removal, ECF No. 1.) Plaintiffs' Complaint alleges five causes of action against Defendants related to foreclosure proceedings that were initiated against Plaintiffs' property:

(1) wrongful foreclosure; (2) quiet title; (3) fraud; (4) set aside unlawful trustee's sale; and (5) injunctive relief. (Compl. ¶¶ 35–76.)

On September 4, 2013, Defendants filed a Motion to Dismiss. (ECF No. 16.) Pursuant to Local Rule 7-2(b) of the Local Rules of Practice of the United States District Court for the District of Nevada, Plaintiffs had fourteen days after service of the Motion to file a Response. Furthermore, the Court twice provided Plaintiffs with lengthy extensions of this deadline. (*See* ECF Nos. 21, 24.) Accordingly, Plaintiffs had until April 15, 2014, to file a Response. Nevertheless, Plaintiffs have failed to file a response.

## II. DISCUSSION

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d). As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002). However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009). Further, Plaintiffs' failure to timely respond to Defendants' motion has unreasonably

delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Less drastic sanctions available to the Court include dismissal of Plaintiffs' Complaint without prejudice.

The fifth factor also does not weigh in favor of Plaintiffs because it is not clear that this case was likely to be decided on the merits. Plaintiffs have failed to take any action since the Motion to Dismiss was filed. Even if the Court were to reach the merits of this action, each of Plaintiffs claims either fails as a matter of law or is rendered moot by the May 13, 2013, Notice of Rescission. (Mot. to Dismiss Ex. J, ECF No. 16-10.) *See also* Nev. Rev. Stat. § 107.080(5) (requiring a court to declare a trustee's sale void if the trustee failed to comply with the requirements of section 107.080). Accordingly, the Court concludes that consideration of the five factors discussed above weighs in favor of dismissal.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 16) and the Motion to Expunge Lis Pendens are **GRANTED**. Plaintiffs' Complaint is **DISMISSED without prejudice**.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this 18 day of April, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge